IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>CENTER ONE, LLC<br><br>　　　　　Defendant. | Civil Action No.  2:19-cv-01242-DSC |

### **BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

**I.   MATTER BEFORE THE COURT**

Defendant Center One, LLC, by and through the undersigned counsel, files this Brief in Support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II.   FACTUAL HISTORY**

    **A.   Procedural History**

On September 27, 2019, Plaintiff Equal Employment Opportunity Commission filed a Complaint in Civil Action against Defendant Center One, LLC, asserting claims of discrimination on the basis of religion in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").  *See generally*, Doc. No. 1.  The Complaint asserts two alleged causes of action: Count I – "Denial of Reasonable Accommodation of Religion" in violation of Title VII, and Count II – "Constructive Discharge Because of Religion" in violation of Title VII. *Id.* at pp. 6-7.  Defendant now timely moves for dismissal of Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

## B. Statement of Alleged Facts[1]

Demetrius Ford was formerly briefly employed as a Customer Service Specialist for the Defendant, from on or about September 12, 2016 through October 19, 2016.  Doc. No. 1 at ¶ 14. The Complaint alleges that Mr. Ford is an adherent of Messianic Judaism, a religious faith he sincerely held throughout the course of his employment with Defendant, and that Mr. Ford's sincerely held belief and practice prohibited him from working on certain religious holidays/holy days observed by the adherents of his faith.  *Id.* at ¶¶ 15-16.

The Complaint alleges that, in observance of his faith, Mr. Ford did not attend work on October 3, 2016 and October 4, 2016, and was subsequently issued "disciplinary points" by the Defendant.  *Id.* at ¶¶ 16.  The Complaint alleges that, upon returning to work, Mr. Ford completed a request to change his schedule in anticipation of the upcoming Yom Kippur holiday, indicating that he required the change in his schedule "for personal reasons." *Id.* at ¶ 22.  The Complaint alleges that Defendant's Human Resources generalist directed that Mr. Ford provide documentation from his religious congregation confirming the dates of any upcoming religious holidays for which he was requesting time off. *Id.* at ¶ 23.  The Complaint further alleges that Ford was "unable to locate" his religious leader because his previous congregation had dissolved, and thus unable to provide certification from a prospective congregation. *Id.* at ¶ 25.  Instead, Mr. Ford provided the Defendant with religious calendars obtained from internet sources. *Id.* at ¶ 26.

The Complaint alleges that, on October 12, 2016, Mr. Ford met with Defendant's personnel at an Employee Review Committee ("ERC") meeting to discuss his absences, and that, during that meeting, Defendant's Vice President of Human Resources "reiterated Defendant's requirements

---

[1] Defendant sets forth the facts as alleged in Plaintiff's Complaint for purposes of this Motion to Dismiss only, and reserves the right to answer and deny any and all facts and allegations.

that [he] obtain documentation from his congregation confirming the dates of any religious holiday for which he was requesting time off." *Id.* at ¶¶ 27-29.  The Complaint alleges that Mr. Ford did not appear for work on October 12, 2019 in observance of a religious holiday, and was thereafter assessed an absence point under Defendant's' progressive discipline policy.  *Id.* at ¶ 32-33.  The Complaint alleges that, one week later, on October 19, 2019, Mr. Ford informed the Defendant that he was resigning employment based on the fact that "there were more Jewish holidays soon" and that "he knew Defendant would discharge him if he took time off to observe those holidays." *Id.* at ¶¶ 39-40.  On this basis, the Complaint alleges that Mr. Ford was subjected to constructive discharge, as he felt compelled to resign based on Defendant's refusal to provide him with a reasonable accommodation for his religion in the form of excused days off for religious holidays. *Id.* at ¶¶ 42.

### III.   ARGUMENT

#### A.   Standard of Review

##### i.   Rule 12(b)(6)

The Defendant, pursuant to Rule 12(b)(6), bears the burden of demonstrating that the plaintiff has failed to state a claim upon which relief can be granted.  *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).  The United States Supreme Court set forth the standard federal courts shall use to analyze a motion to dismiss in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Under *Twombly*, blanket assertions of entitlement to relief do not satisfy Rule 12(b)(6) and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 570.  A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and carries the burden to move "their claims across the line from conceivable to plausible, or the complaint must be dismissed." *Id.*  "Where the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting Fed. Rule Civ. Proc. 8(a) (2)). Furthermore, *Twombly* holds that a Plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Moreover, a Court need not accept Plaintiff's legal conclusions and is not bound "to accept as true a legal conclusion couched as a factual allegation." *Customers Bank v. Municipality of Norristown,* 942 F.Supp.2d 534, 539 (E.D. Pa. 2013).

Following *Iqbal* and *Twombly*, the Third Circuit Court of Appeals set forth a three-part analysis when determining whether a complaint survives a 12(b)(6) motion to dismiss, including (1) determining whether the plaintiff set forth the elements needed to state a claim; (2) separating well-pleaded factual allegations from mere conclusions; and (3) determining from these well-pleaded factual allegations whether they "plausibly give rise to an entitlement for relief." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). Again, while all well-pleaded facts in a complaint are assumed to be true and all reasonable inferences are to be drawn in favor of a plaintiff, "courts are not, however, bound to accept as true legal conclusions couched as factual allegations, or accept as true unsupported conclusions and unwarranted inferences." *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997).

      **B.**      **Count I of Plaintiff's Complaint Fails to State a Claim of Denial of Reasonable Accommodation of Religion**

To prevail on a failure to accommodate religious discrimination claim under Title VII, a plaintiff must show that (1) he holds a sincere religious belief that conflicts with a job requirement; (2) he informed his employer of the conflict; and (3) he was disciplined for failing to comply with the conflicting requirement. *Webb v. City of Phila.*, 562 F.3d 256, 259 (3d Cir. 2009). Courts of the Third Circuit equate "discipline" in this context with "an adverse employment action."

*Mohammed v. Schneider Nat'l Carriers, Inc.*, No. 18-0642, 2018 U.S. Dist. LEXIS 176855, *5 (W.D. Pa. Oct. 18, 2018) (citing *Brown v. Vanguard Grp., Inc.*, No. 16-946, 2017 U.S. Dist. LEXIS 12853, *35 n.11 (E.D. Pa. Jan. 30, 2017); *Martin v. Enter. Rent-A-Car*, No. 00-6029, 2003 U.S. Dist. LEXIS 1191, *26 (E.D. Pa. Jan. 15, 2003)).

### 1. Defendant's Alleged Actions do not Constitute Adverse Employment Action

The United States Court of Appeals for the Third Circuit has defined an "adverse employment action" under Title VII as "an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004). Examples of adverse employment actions include termination, cuts in pay or benefits, or circumstances amounting to constructive discharge. *Higgins v. Gonzales*, 481 F.3d 578, 584 (8th Cir. 2007). Adverse employment actions may also include demotions and transfers to less desirable positions. *Clowes v. Allegheny Valley Hosp.*, 991 F.2d 1159, 1161 (3d Cir. 1993). "[An] adverse employment action must be one that produces a material employment disadvantage." *King v. City of New Kensington*, No. 06-1015, 2008 U.S. Dist. LEXIS 76485, *26 (W.D Pa. Sept. 30, 2008) (quoting *Higgins*, 481 F.3d at 584). "Although direct economic harm is an important indicator of a tangible adverse employment action, it is not the *sine qua non*. If an employer's act substantially decreases an employee's earning potential and causes significant disruption in his or her working conditions, a tangible adverse employment action may be found." *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 153 (3d Cir.1999)

Accepting the allegations of the instant Complaint for the purposes of this motion, the Complaint asserts no adverse employment action taken by Defendant as defined herein. Rather, Plaintiff alleges that Mr. Ford was subjected to disciplinary "points" (which did not yield any

actual discipline) and was requested to participate in a telephone conference to discuss his prior absences. Courts of the Third Circuit have dismissed claims based on a Plaintiff's failure to plead facts sufficiently demonstrating adverse employment action pursuant to Fed. R. Civ. P. 12(b)(6). *See, e.g., Leitch v. MVM, Inc.*, No. 03-4344, 2004 U.S. Dist. LEXIS 14307, \*\*19-20 (E.D. Pa. July 21, 2004) (plaintiffs failing to allege a "significant change in employment status" failed to plead adverse action sufficient to survive 12(b)(6) motion); *see also Weston v. Pennsylvania*, 251 F.3d 420, 431 (3d Cir. 2001) (finding that the district court erred in holding that a reprimand constitutes an adverse employment action, given that there is no resulting change in conditions of employment). Accordingly, Plaintiff cannot state a claim for denial of reasonable accommodation, and Count I of the Complaint must be dismissed.

Even assuming Plaintiff were to allege that Defendant threatened Mr. Ford with termination, which it does not, mere threats of adverse employment action are insufficient to state a claim for religious discrimination. *See Mohammed,* 2018 U.S. Dist. LEXIS 176855, \*10 ("The Court agrees with Defendant that the majority of the case law, especially in this circuit, concludes that unrealized threats will not satisfy the third prong of the prima facie case for failure to accommodate"); *see also Walsh v. Irvin Stern's Costumes*, No. 05-2515, 2006 U.S. Dist. LEXIS 2120, \*16-17 (E.D. Pa. Jan. 19, 2006) ("[T]he very nature of an unfulfilled threat means [the plaintiff] cannot prove that the [d]efendants' conduct impacted her current or future employment opportunities . . ."). Other Circuits are in agreement that threats of discipline or termination do not suffice to demonstrate adverse employment action. *See, e.g., Vawter v.Alcoa, Inc.*, No. 07-0019, 2008 U.S. Dist. LEXIS 100354, \*11 (N.D. Ind. Dec. 10, 2008) ("[T]he Seventh Circuit has required more than a mere threat of discipline in order for a plaintiff to show an adverse employment action") (citation omitted); *Bowles v. New York City Transit Authority*, 285 F. App'x

812, 814 (2d Cir. 2008) (affirming dismissal of failure to accommodate claim and holding that "stand-alone" comment threatening termination, without evidence that it "ripened" into any further action, was insufficient to establish the third prong of prima facie case").

Indeed, even criticism and a **written warning** do not constitute adverse employment actions in this context.  *Wheeler v. Voicestream Wireless Servs.*, No. 03-1916, 2005 U.S. Dist. LEXIS 43525, *22, n.4 (M.D. Pa. 2005); *see Weston v. Pennsylvania*, 251 F.3d 420, 431 (3d Cir. 2001) (written reprimand does not constitute an adverse employment action where there is no resulting change in conditions of employment); *Robinson v. City of Pittsburgh*, 120 F.3d 1286 1301 (1997) (oral reprimand is not an adverse employment action).  Moreover, Courts of the Third Circuit have held that an "investigation" of an employee's absences do not constitute adverse employment action.  *Rosati v. Colello*, 94 F. Supp. 3d 704, 714 (E.D. Pa. 2015); *see Williams v. Pa. Human Relations Commission*, No. 14-1290, 2016 U.S. Dist. LEXIS 160760, **50-51 (W.D. Pa. Nov. 21, 2016) (holding that a pre-disciplinary conference cannot fairly be construed as discipline).  Finally, neither the concern of possible future dismissal, nor the fact a prior disciplinary action (such as attendance "points") could potentially be used in future progressive discipline will suffice to constitute an adverse employment action for the purposes of Title VII.  *See Tunis v. City of Newark*, 184 Fed. Appx. 140, 143 (3d Cir. 2006); *Heuschkel v. McCulley*, No. 05-5312, 2008 U.S. Dist. LEXIS 22143, *12 (D.N.J. Mar. 19, 2008).

Based on the allegations of the Complaint, Plaintiff cannot state a prima facie claim of failure to accommodation on the basis of religion, where Center One took no materially adverse employment action against Mr. Ford because of his religious belief or his failure to appear for work on the conflicting date.  Again, the instant Complaint alleges only that that Mr. Ford was issued "disciplinary points," required to attend the ERC committee meeting to discuss his

absences, and was further "told he could not take any more days off from work." Thereafter, Mr. Ford resigned employment based on his assumption that he would be disciplined for taking future time off for religious observance. Under the law cited herein, these alleged actions fall well short of any action which can be considered adverse employment action for the purposes of a claim pursuant to Title VII. Accordingly, Plaintiff's failure to accommodate claim must be dismissed for failure to state a claim upon which relief can be granted.

### C. The Complaint Fails to State a Claim for Constructive Discharge "Because of Religion"

Plaintiff's Complaint fails to allege the requisite conduct to demonstrate a claim of constructive discharge. For an atmosphere of harassment or hostility to be actionable, the offending behavior "must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Pa. State Police v. Suders*, 542 U.S. 129, 147 (2004) (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986) (internal quotation marks and brackets omitted). **A hostile-environment constructive discharge claim entails something more:** A plaintiff who advances such a claim must show working conditions so intolerable that a reasonable person would have felt compelled to resign. *Suders*, 542 U.S. at 147 (emphasis added).

Mr. Ford voluntarily resigned employment with Center One, and the Complaint implies that Mr. Ford was compelled to resign because he anticipated future discipline based on a potential future conflict between his religious beliefs and a work requirement. Doc. 1 at at ¶¶ 39-40. It is well-settled that "[t]he law of constructive discharge is not concerned with subjective fears of possible future dismissal." *Tunis v. City of Newark*, 184 Fed. Appx. 140, 143 (3d Cir. 2006). As the Third Circuit explained:

> While the law protects employees from concerted, calculated efforts to expel them or the imposition of unduly harsh conditions not visited upon their co-worker in order to force them to quit, it does not guarantee that they will not suffer frustrations, challenges, disappointments and discipline.

*Id.* In analyzing a claim of constructive discharge in context with a related failure to accommodate claim, this Court has stated, "the Third Circuit Court of Appeals has explained the following with respect to constructive discharge:

> We employ an objective test to determine whether an employee can recover on a claim of constructive discharge and must therefore determine whether a reasonable jury could find that the employer permitted conditions so unpleasant or difficult that a reasonable person would have felt compelled to resign. Factors we have found relevant to this issue are whether the employer (1) threatened the employee with discharge or urged or suggested that she resign or retire, (2) demoted her, (3) reduced her pay or benefits, (4) involuntarily transferred her to a less desirable position, (5) altered her job responsibilities, or (6) gave unsatisfactory job evaluations.

*McIntyre v. Archuleta*, No. 14-0327, 2015 U.S. Dist. LEXIS 98841, **33-34 (W.D. Pa. Jul. 29, 2015) (citing *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 502-03 (3d Cir. 2010) (internal quotation marks and alterations omitted)).

Plaintiff's Complaint does not allege that Ford was threatened with termination, demoted, transferred, or subject to any of the above factors supporting constructive discharge. Rather, Plaintiff merely alleges that Ford "knew Defendant would discharge him" if he took time off to observe the holidays." Thus, the conduct alleged in the Complaint falls well short of the requisite conduct to state a constructive discharge claim under Title VII. Accordingly, Plaintiff's Complaint must be dismissed, in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enter an Order, substantially in the form appended hereto, dismissing Plaintiff's Complaint, in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

                                                Respectfully submitted,

                                                **MARGOLIS EDELSTEIN**

                                                BY: /s/ Emily E. Mahler
                                                Emily E. Mahler, Esquire
                                                Pa. I.D. No. 310058
                                                535 Smithfield Street, Suite 1100
                                                Pittsburgh, PA 15222
                                                Phone: 412-281-4256
                                                Fax: 412-642-2380
                                                emahler@margolisedelstein.com
                                                *Counsel for Defendant*
                                                *Center One, LLC*

## **CERTIFICATE OF SERVICE**

      I, Emily E. Mahler, Esquire, hereby certify that a true and correct copy of the within Brief in Support of Defendant's Motion to Dismiss has been served upon the following individuals via Notice of Electronic Filing, this 5th day of December, 2019:

Gregory A. Murray
U.S. Equal Employment Opportunity Commission
Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue
Suite 1112
Pittsburgh, PA 15222
*Counsel for Plaintiff*


Ronald L. Phillips
U.S. Equal Employment Opportunity Commission
Baltimore Field Office
City Crescent Building, 3rd Floor
10 S. Howard Street
Baltimore, MD 21201
*Counsel for Plaintiff*

                                                  MARGOLIS EDELSTEIN

BY:    /s/ Emily E. Mahler
           Emily E. Mahler, Esquire
           *Counsel for Defendant*
           *Center One, LLC*