IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>CENTER ONE, LLC<br><br>Defendant. | Civil Action No. 2:19-cv-01242-DSC |

**DEFENDANT'S BRIEF IN REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

In accordance with the procedures of this Honorable Court, Defendant Center One, LLC, by and through the undersigned counsel, files this Brief in Reply to Plaintiff's Response to Defendant's Motion to Dismiss.[1]

In its response, Plaintiff asserts the following as grounds for denial of Defendant's motion: 1) denial of reasonable accommodation is "in and of itself" an adverse action under Title VII; 2) the conduct alleged demonstrates "working conditions so intolerable" as to state a claim for constructive discharge; and 3) the conduct alleged in Plaintiff's complaint constitutes adverse employment action under Title VII. *See* Plaintiff's Response to Defendant's Motion to Dismiss (hereinafter "Plaintiff's Response"), Doc. No. 11, at pp. 1-2. Defendant addresses each argument in turn below.

---

[1] Defendant's Motion to Dismiss and Brief in Support thereof are incorporated herein by reference. *See* Doc. Nos. 7-8.

I.  **Plaintiff Misconstrues Defendant's Argument Regarding the Requirement that a Plaintiff Asserting a Claim of Denial of Reasonable Accommodation Demonstrate Adverse Action**

In its response, Plaintiff asserts that Defendant's "assumption" that some adverse employment action is necessary to state a Title VII failure to accommodate claim is "incorrect," maintaining that "denial of reasonable accommodation for religion "is itself an unlawful employment practice." *See* Plaintiff's Response at pp. 22-23.  Plaintiff intentionally misrepresents Defendant's argument in this regard.  Indeed, Defendant does not submit that a denial of reasonable accommodation is not a violation of Title VII.  Rather, Defendant asserts that Plaintiff's Complaint fails to plead facts which, if proven, demonstrate that **Ford was, in fact, denied reasonable accommodation**.  That position is clearly stated in Defendant's Brief in Support of its Motion to Dismiss.  *See* Doc. No. 8 at pp. 4-5.  Again, the well-settled law of the Third Circuit provides that, to prevail on a failure to accommodate religious discrimination claim under Title VII, a plaintiff must show that (1) he holds a sincere religious belief that conflicts with a job requirement; (2) he informed his employer of the conflict; and (3) he was disciplined for failing to comply with the conflicting requirement.  *Webb v. City of Phila.*, 562 F.3d 256, 259 (3d Cir. 2009).  Thus, the *discipline* element, as set forth in *Webb*, is required to meet the "denial" prong of the reasonable accommodation claim.  Again, Courts of this circuit equate "discipline" in this context with adverse employment action.  *Mohammed v. Schneider Nat'l Carriers, Inc.*, No. 18-0642, 2018 U.S. Dist. LEXIS 176855, *5 (W.D. Pa. Oct. 18, 2018) (citing *Brown v. Vanguard Grp., Inc.*, No. 16-946, 2017 U.S. Dist. LEXIS 12853, *35 n.11 (E.D. Pa. Jan. 30, 2017); *Martin v. Enter. Rent-A-Car*, No. 00-6029, 2003 U.S. Dist. LEXIS 1191, *26 (E.D. Pa. Jan. 15, 2003)).

That Plaintiff cites *Storey v. Burns Int'l Sec. Svs.* in response to this argument reflects a fundamental misunderstanding of Defendant's argument in this regard.  Plaintiff asserts that the

Court of Appeals for the Third Circuit stated, in dictum, that a denial of reasonable accommodation can itself constitute an adverse employment action under Title VII when it stated, "An employer's failure to reasonably accommodate an employee's sincerely held religious belief conflicts with a job requirements can also amount to an adverse employment action unless the employer can demonstrate that such an accommodation would result in undue hardship." Plaintiff's Response at p. 22 (quoting *Storey v. Burns Int'l Sec. Svs.*, 390 F.3d 760, 764 (3d Cir. 2004)). In that matter, the Court affirmed the district court's decision to dismiss a plaintiff's complaint, *inter alia*, on the basis that plaintiff failed to have suffered any adverse employment action within the meaning of Title VII. The Court noted:

> Storey's complaint fails to meet even these minimal pleading requirements. Although Storey's complaint speaks of being discharged because of his national origin and religion, Storey concedes that he was fired because he refused to cover or remove his Confederate flag symbols when his employer told him to. The record reflects that, had Storey complied, he would not have been terminated. Rather, he would have continued working for Burns as a "Confederate, Southern American" and Christian. Therefore, even if we assume arguendo that he is a member of a protected class and if we further accept the claim that the Confederate flag may be viewed as a religious symbol, Storey still has not established a cause of action.

*Id.* at 764 (internal citations omitted). Accordingly, the *Storey* opinion directly supports the Defendant's position in this regard – that Plaintiff is required to demonstrate that he was subject to some adverse employment action because of a conflict between a sincerely held religious belief and a job requirement, as announced in *Webb*. The *Wilkerson* matter cited by Plaintiff in response to Defendant's motion likewise imposes such a requirement in the context of a failure to accommodate religion claim. *Wilkerson v. New Media Tech. Charter Sch.,Inc.*, 522 F.3d 315, 319 (3d Cir. 2008) (citing *Shelton v. University of Med. & Dentistry*, 223 F.3d 220, 224 (3d Cir. 2000)) ("[t]o establish a prima facie case of a failure to accommodate claim, the employee must show: (1) she has a sincere religious belief that conflicts with a job requirement; (2) she told the employer

3

about the conflict; and (3) she was disciplined for failing to comply with the conflicting requirement").

On this issue, Plaintiff's only other cited case law in support of its argument is a dissenting opinion in the denial of a rehearing *en banc* in the Court of Appeals of the Ninth Circuit. Certainly, a dissenting opinion is not binding on this Court, nor is this Court bound to follow a dissenting opinion of a panel of the another Circuit court. *A&L Indus. v. CDM Tech. Training Institute*, *Inc.*, 2011 U.S. Dist. LEXIS 26635, *6 (D.N.J. Feb. 3, 2011) (citing *Villines v. Harris*, 487 F. Supp. 1278, 1279 n.1 (D.N.J. 1980)).

## II. Plaintiff's Factual Allegations are Materially Different From Those Cases in Which Plaintiffs Were Specifically Directed to Engage in Activities Antithetical to Their Religious Beliefs

Plaintiff asserts that it has demonstrated "working conditions so intolerable" as to state a claim for constructive discharge where it alleges that Defendant "created an inextricable dilemma that required Ford to choose between, on the one hand, avoiding disciplinary action and discharge, and, on the other hand, practicing his religion." Plaintiff's Response at p. 9. In support thereof, Plaintiff cites the matter of *Mathis v. Christian Heating & Air Conditioning, Inc.*, 158 F. Supp. 3d 317 (E.D. Pa. 2016) and the Court's denial of summary judgment on the basis that "[a] reasonable jury could conclude that plaintiff communicated his religious-based objected to displaying the mission statement, and that [defendant] gave him a Hobson's choice between continuing to work under conditions that offended plaintiff's beliefs or ending his employment." Plaintiff Response at p. 10 (citing *Mathis*, 158 F. Supp. 3d at 335). In fact, the *Mathis* matter is wholly distinguishable from the instant case, where Plaintiff herein cites only subjective fears that Ford "knew Defendant would discharge him," as opposed to actual threats of termination[2] at issue therein. Indeed, the

---

[2] Ironically, the Commission acknowledges that "this is not a threats case," (Plaintiff's Response at p. 19), yet proceeds to cite, as support for its claim that it is pleaded sufficient facts to sustain a constructive discharge claim, a number of

4

factual background of the *Mathis* matter provides that the plaintiff placed a piece of tape over the back of his required identification badge, to cover up a mission statement which was adverse to his religious beliefs, and was confronted by the Owner and President of the Company, who told him "[Y]ou're going to wear it or you're done." *Mathis*, 158 F. Supp. 3d at 321-322.  No such facts are alleged in the instant matter.  Rather, Plaintiff alleges that Ford was compelled to resign because he anticipated a future termination, not because he had been threatened with termination, but simply because he "knew" he would be subject to the same.  Plaintiff's Complaint pleads no facts which demonstrate exactly how or why Ford "knew" he would be terminated due to a future anticipated conflict between his religious practices and an employment requirement, nor does it assert, with any particularity, when Ford may have been subject to future discipline.

The matter of *Shepherd v. Gannondale*, No. 14-0008, 2014 U.S. Dist. LEXIS 176822, *38 (W.D. Pa. Dec. 22, 2014) is distinguishable from the matter before this Court for similar reasons.  In *Shepherd*, the plaintiff pleaded and provided evidence that she was told, by her supervisor:

> [t]hat if she could not participate in community meetings, she was not part of Gannondale; that she asked Sabol if she was being let go and Sabol told her she should resign but Shepherd refused; and that Sabol gave Shepherd the options of leaving right then, tendering her notice or staying until a replacement was hired. Following this meeting, Sabol had a message sent out that Shepherd was leaving, posted her job and hired a replacement for her . . .

*Id.* at *38.  Again, these alleged facts are wholly distinguishable from the facts alleged in Plaintiff's Complaint herein.  Rather, Plaintiff's allegations are centered on subjective fears of possible future dismissal, which the Third Circuit has soundly rejected as a basis for constructive discharge.  *Tunis v. City of Newark*, 184 Fed. Appx. 140, 143 (3d Cir. 2006).  Accordingly, and for the reasons set forth in Defendant's Brief in Support of the Motion to Dismiss, Plaintiff cannot demonstrate a

---

cases involving precisely that set of factual allegations – that plaintiffs were threatened with discharge and ultimately resigned as a result of the same.

prima facie case of constructive discharge, and this claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### III. Plaintiff's Has Not Adequately Pleaded "Adverse Employment Action" to Sustain His Religious Discrimination Claim

As an initial matter, while Plaintiff correctly asserts that Defendant "acknowledges that a constructive discharge is an adverse employment action under Title VII," (*see* Plaintiff's Response at p. 7), Defendant does not concede that Plaintiff has alleged facts sufficient to state a claim of constructive discharge under the standard set forth in *Bell Atl. Corp. v Twombly*., 550 U.S. 544 (2007). *See* Defendant's Brief in Support of Motion to Dismiss, pp. 8-9; Section I., *supra*.

Moreover, Plaintiff submits that "the federal courts have consistently held that assessments of points that move an employee a step closer to termination in a progressive-discipline system constitute adverse employment actions under Title VII." *See* Plaintiff's Response at pp. 18. In support thereof, Plaintiff cites one (1) non-binding district court opinion from outside of this circuit which addresses the accumulation of points under a progressive discipline system, and three (3) other non-binding district court opinions addressing progressive discipline generally. *Id.* The cases cited by Plaintiff are plainly distinguishable from the instant matter. For example, the *Abraham* matter cited by Plaintiff involved a suspension, which was later reduced to a formal letter of warning, and ultimately reduced to an "official discussion" after a period of several months. *Abraham v. Potter*, 494 F.Supp.2d 141, 148-49. The Court noted that "a reasonable finder of fact could consider one month between the 'paper' suspension and the Letter of Warning, and the five months between the Letter of Warning and 'official discussion,' to be a disciplinary probation period." *Id.* No such allegations are alleged in this matter, where Plaintiff alleges neither a suspension or probationary period issued as a result of the disciplinary points.

6

The matter of *Younger v. Ingersoll-Rand Co.*, the only case cited by Plaintiff to actually address the assessment of "points" in a progressive discipline system, is likewise inapposite here in light of the "unique circumstances" of that matter. *Younger v. Ingersoll-Rand Co.*, No. 12-0933, 2013 U.S. Dist. LEXIS 170313, **27-28 (S.D. Ohio Dec. 3, 2013). In *Younger*, the Court specifically noted that "ordinarily the mere assessment of attendance points may not satisfy the materially adverse action prong," but found, based on circumstances which are not present here, that the assessment of points "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *See, e.g., id.* ("[f]irst, and perhaps most important, the attendance points at issue were assessed to discipline Younger for missing work to attend a deposition scheduled and noticed *by the Defendant*. Defendant's scheduling of Younger's deposition for a date and time when Younger also was scheduled to be at work at the very least placed Younger in a Catch 22 in which he risked discipline from the Court in the form of sanctions if he chose to skip the deposition to attend work or risked discipline in relation to his employment for missing work to attend the deposition") (emphasis in original). The "unique circumstances" discussed in *Younger* are not present in the instant matter,[3] supporting a finding that this Honorable Court, should it choose to regard *Younger* as persuasive, must apply the rule, and not the exception, to reach a conclusion on this issue. *See Heuschkel v. McCulley*, No. 05-5312, 2008 U.S. Dist. LEXIS 22143, *12 (D.N.J. Mar. 19, 2008) ("plaintiff has not shown how the written reprimand for her email materially changed her employment terms or conditions. She has only made the unsupported statement that the reprimand could be used in future progressive discipline, and plaintiff does not claim that the reprimand has been used as a basis for progressive discipline").[4]

---

[3] *See* Defendant's Brief in Support of the Motion to Dismiss, pp. 2-3.

[4] Plaintiff fails to distinguish the *Heuschkel* matter from the instant case, where, like the Plaintiff in *Heuschkel*, Plaintiff never alleges that the discipline (i.e., accumulation of "points") ***has actually been used as a basis for progressive***

7

Again, Plaintiff has failed to allege adverse action sufficient to state a claim under Title VII under the law of the Third Circuit, as summarized in Defendant's Brief in Support of the Motion to Dismiss. Accordingly, Plaintiff's religious discrimination claims must be dismissed for failure to state a claim upon which relief can be granted.

## IV.     CONCLUSION

For the foregoing reasons, and those set forth in Defendant's Motion to Dismiss and Brief in Support of the Motion to Dismiss, Defendant respectfully requests that the Court enter an Order dismissing Plaintiff's Complaint, in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

**MARGOLIS EDELSTEIN**

BY: /s/ Emily E. Mahler
Emily E. Mahler, Esquire
Pa. I.D. No. 310058
535 Smithfield Street, Suite 1100
Pittsburgh, PA 15222
Phone: 412-281-4256
Fax: 412-642-2380
emahler@margolisedelstein.com
*Counsel for Defendant*
*Center One, LLC*

---

*discipline. See generally*, Doc. No. 1. Again, Plaintiff's claims are based entirely on conjecture that discipline was forthcoming at some future time.

## **CERTIFICATE OF SERVICE**

I, Emily E. Mahler, Esquire, hereby certify that a true and correct copy of the within Brief in Reply to Plaintiff's Response to Defendant's Motion to Dismiss has been served upon the following individuals via Notice of Electronic Filing, this 7th day of January, 2020:

Gregory A. Murray
U.S. Equal Employment Opportunity Commission
Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue
Suite 1112
Pittsburgh, PA 15222
*Counsel for Plaintiff*

Ronald L. Phillips
Debra M. Lawrence
U.S. Equal Employment Opportunity Commission
Baltimore Field Office
City Crescent Building, 3rd Floor
10 S. Howard Street
Baltimore, MD 21201
*Counsel for Plaintiff*

MARGOLIS EDELSTEIN

BY:   /s/ Emily E. Mahler
       Emily E. Mahler, Esquire
       *Counsel for Defendant*
       *Center One, LLC*