IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**   Plaintiff,   v.   **CENTER ONE, LLC,**   Defendant. | )  )  )  )  )  )  )  )  )  )  ) 2:19cv1242   **Electronic Filing** |

## MEMORANDUM ORDER

AND NOW, this 30th day of September, 2020, upon due consideration of defendant's motion to dismiss and the record as developed in conjunction therewith, IT IS ORDERED that [7] the motion be, and the same hereby is, denied.

Defendant's efforts to dismiss plaintiff's denial of reasonable accommodation of religious practice on the basis that plaintiff has not pled facts identifying a materially adverse employment action is misplaced. At its foundation, pleading under Rule 8 remains one of notice pleading. In this regard a complaint is required only to contain sufficient factual matter "to raise the right to relief above the speculative level" and "state a claim that is plausible on its face." Twombly, 550 U.S. at 555. Facial plausibility is to be recognized "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Importantly, a plaintiff is not required at the pleading stage to identify facts to establish each and every element of a claim. The applicable federal pleading standards require a party to set forth a plausible showing of entitlement to relief pursuant to a cognizable theory of recovery. See Fowler v. UPMC Shadyside, 578 F.3d 203, 212-213 (3d Cir. 2009) ("It is axiomatic that the standards for dismissing claims under Federal Rule of Civil Procedure 12(b)(6) and granting

judgment under either Federal Rule of Civil Procedure 50 or Federal Rule of Civil Procedure 56 are vastly different."). They do not require a plaintiff to meet a quantum of proof. Id.

A plaintiff meets the pleading standards by advancing factual allegations that present a plausible showing that each element of the claim is or can reasonably be expected to be satisfied. Phillips, 515 F.3d at 235; see also Wilkerson v. New Media Technology Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008) ("'The complaint must state 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'") (quoting Phillips, 515 F.3d at 235) (citations omitted). In other words, this standard does not require the plaintiff to identify every fact that will be needed to prevail on the applicable legal theory. Connelly v. Lane Construction Corp., 809 F.3d 780, 789 (3d Cir. 2016). It is enough for the plaintiff to aver facts that raise a reasonable expectation that discovery will reveal evidence to support the necessary elements of the claim. Id. And in doing so, the plaintiff may rely on statements of historical fact even if they appear to be "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." Id. (citing Iqbal, 556 U.S. 681).

Plaintiff's complaint sets forth adequate factual allegations to support a reasonable expectation that discovery will generate sufficient evidence to support the element of a materially adverse employment action. To be sure, suffering cognizable injury is a prerequisite to invoking the protections of Title VII as an aggrieved person. Storey v. Burns International Security Services, 390 F.3d 760, 764 (3d Cir. 2004). Such an injury is referred to as "an adverse employment action," which is defined as any employment action that is "serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." Id. (quoting Cardemas v. Massey, 269 F.3d 251, 263 (3d Cir. 2001). This definition stems from Title VII itself, which defines unlawful employment practices to include "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of

employment, because of such individual's ... religion or to limit, segregate, or classify ... employees ... in any way that would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's religion ...."  42 U.S.C. § 2000e-2(a).  Thus, discriminatory conduct other than discharge or refusal to hire is prohibited by Title VII if it alters an employee's "compensation, terms, conditions or privileges of employment" or deprives the employee of "employment opportunities" or "adversely affects [the employee's] status as an employee."  Robinson v. City of Pittsburgh, 120 F.3d 1286, 1300 (3d Cir. 1997).

      Notwithstanding defendant's contentions to the contrary, the allegations of the complaint raise adequate grounds for Ford's professed knowledge that he would be terminated if he took another day off for observance of a religious holiday.  Defendant already had given him points pursuant to its progressive disciplinary policy: first when he missed work while observing Rosh Hashanah and reported his absence and again when he did not work on Yom Kippur and was unable to produce the documentation defendant demanded be authored by his religious congregation on letterhead.  Complaint at ¶¶ 20-24.  Defendant likewise had rejected his attempt to establish the observance of the holidays with religious calendars and an email exchange between himself and the leader of a Messianic Jewish congregation.  Id. at ¶¶ 25-26.

      Moreover, Ford appeared at an Employee Review Committee meeting on Yom Kippur and was told by management that his documentation was inadequate, he needed to provide the requested information on letterhead confirming the dates of any upcoming holidays for which he was requesting time off and that he could not miss any more days for any reason.  Id. at ¶¶ 28-33.  He was assessed for points for missing that day and knew that one more absence would subject him to termination under the discipline policy.  Id.

      On October 19, 2016, Ford advised a human resources official that he was planning to

resign at the end of the week because there were more Jewish holidays coming up soon and he knew defendant would terminate him if he took time off to observe them. Id. at ¶¶ 39-40. Altman did not disagree with Ford's assessment and instead reiterated the need for a letter on official letterhead. She then told Ford to wait, and they would further discuss his resignation. He was directed to continue working, which he did. Id. at ¶ 40. "Altman returned and told Ford that Defendant had terminated him, that he could not work for the remainder of the week, and that he needed to leave immediately." Id. at 41.

     The above allegations sufficiently identify facts which plausibly give rise to a reasonable expectation that discovery will produce evidence sufficient to support a finding that an adverse employment action occurred. Even assuming that the facts concerning 1) the persistent assignment of points for absences on well-established Jewish holidays and 2) the warning to Ford that he could not miss any more days for any reason were not enough to raise his concerns about taking another day off in observance of a Messianic Jewish holiday above the speculative level, defendant did not accept Ford's resignation and wait until he resigned at the end of the week. It decided to terminate him on the spot for reporting his intent to resign, which was expressly predicated on his fear of being terminated for taking another day off in observance of upcoming Jewish holidays. These actions by defendant are more than enough to raise a reasonable expectation that discovery will produce evidence to support a finding that the terms and conditions of plaintiff's employment and his status as an employee were altered based his requests to accommodate his sincerely held religious beliefs. Consequently, defendant's motion to dismiss properly has been denied.

                                                                s/David Stewart Cercone
                                                                David Stewart Cercone
                                                                Senior United States District Judge

cc: Gregory A. Murray, Esquire
Ronald L. Phillips, Esquire
Emily E. Mahler, Esquire
Morgan M. J. Randle, Esquire
(*Via CM/ECF Electronic Mail*)