IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CENTER ONE, LLC.,<br><br>Defendant. | 2:19-CV-01242-CCW |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Joint Motion for Leave to File Amended Complaints filed by Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") and Intervenor Plaintiff Demetrius Ford. *See* ECF No. 60. For the reasons that follow, the Motion will be GRANTED.

**I.  Background**

In this case, EEOC and Mr. Ford claim that Defendant Center One, LLC, unlawfully discriminated against Mr. Ford on the basis of his religion (Messianic Judaism) when (1) it refused to reasonably accommodate his religious practices with time off for certain holidays and (2) constructively discharged him after he failed to show up for work on those holidays. *See* ECF No. 1 at ¶¶ 14–46; ECF No. 30 at ¶¶ 54–79.

EEOC filed its Compliant on September 27, 2019. *See* ECF No. 1. Mr. Ford's Motion to Intervene was granted on April 1, 2020, *see* ECF No. 23, and he filed his Intervenor Complaint on April 16, 2020. *See* ECF No. 30. Under the Court's operative Case Management Order, *see* ECF No. 51, as amended by ECF No. 56, fact discovery was scheduled to close May 14, 2021. By Order dated May 6, 2021, the Court extended the time to complete fact discovery to May 28, 2021,

to allow EEOC and Mr. Ford to conduct a supplemental deposition of Center One's corporate designee. *See* ECF No. 59.

On May 14, 2021, EEOC and Mr. Ford filed the instant Joint Motion for Leave to File Amended Complaints. *See* ECF No. 60. In their Motion, EEOC and Mr. Ford seek leave to file amended complaints adding Capital Management Services, LP ("CMS") as a defendant in this action. According to EEOC and Mr. Ford, leave to amend should be granted because (1) discovery in this case has disclosed "evidence that [Center One and CMS] constitute a single statutory 'employer' under Title VII of the Civil Rights Act of 1964" and (2) "[a]dding CMS as a defendant alongside Center One is crucial for obtaining full measures of the monetary and injunctive relief" that EEOC and Mr. Ford are seeking. ECF No. 60 at 1–2. EEOC and Mr. Ford argue that they "have not unduly delayed or exercised bad faith or dilatory motive in seeking leave for this proposed amendment," *id.* at 5, and further aver that neither intends to seek leave to conduct additional discovery. *See* ECF No. 65 at 1.

Center One opposes EEOC and Mr. Ford's Motion on two grounds. First, Center One argues that leave to amend should be denied as futile because the proposed amendments fail to state a viable claim against CMS. *See* ECF No. 62 at 7. According to Center One, this is because EEOC and Mr. Ford cannot muster sufficient facts to satisfy any of the "single employer" tests articulated in *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 85–86 (3d Cir. 2003). *Id.* Second, Center One contends that leave to amend should be denied because EEOC and Mr. Ford unduly delayed in filing their Motion. *Id.* at 10. In short, Center One argues that EEOC and Mr. Ford were in possession of the facts needed for their proposed amendments by late March 2021, but delayed seeking leave to amend until mid-May 2021, without any justification. *Id.* Finally, Center One contends that EEOC and Mr. Ford's delay in seeking leave to amend is prejudicial because

they failed to seek leave to amend until after the close of fact discovery on May 14, 2021. *Id.* at 6 n.5 and 10; *see also* ECF No. 59 (order granting limited extension of fact discovery for the purpose of conducting supplemental deposition of Center One's Rule 30(b)(6) designee).

**II.     Discussion**

Whether to grant a motion for leave to amend "generally falls within the District Court's discretion." *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017). And, "[g]enerally, Rule 15 motions should be granted." *United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016); *see also CMR D.N. Corp & Marina Towers Ltd. v. City of Phila.*, 703 F.3d 612, 629 (3d Cir. 2013) (quoting Fed. R. Civ. P. 15(a)(2) (leave to amend "should be granted when justice so requires.")). "In determining whether leave to amend might reasonably be denied, courts are guided by the *Foman* factors, named for the Supreme Court's decision in *Foman v. Davis*." *Mullin*, 875 F.3d at 149 (citing 371 U.S. 178 (1962). The *Foman* factors are "not exhaustive," but include such relevant considerations as "undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." *Id.*

As noted above, Center One advances two arguments against EEOC and Mr. Ford's Motion: futility and undue delay. Neither of these arguments are persuasive. First, the Court is not convinced that any delay on the part of EEOC and Mr. Ford in seeking leave to amend was significant enough to warrant denial of their Motion. "A district court may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party." *Cureton v. NCAA*, 252 F.3d 267, 272-73 (3d Cr. 2001). "Delay is 'undue' when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Estate of Oliva v. New Jersey*, 604 F.3d 788, 803 (3d Cir. 2010) (citing *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008)).

Here, although it appears that EEOC and Mr. Ford may have been in possession of some facts relevant to the proposed amendments in late March, *see* ECF No. 62-5, important testimony from Center One and CMS witnesses that EEOC and Mr. Ford rely on as providing the factual predicate for their proposed amendments was not taken until later. *See* ECF No. 60 at 6–7 (noting O'Malley deposition not completed until April 16, 2021 and Fulciniti deposition not taken until May 7, 2021). This is an adequate explanation for any short delay here. *See Cureton*, 252 F.3d at 273 ("Thus, while bearing in mind the liberal pleading philosophy of the federal rules…the question of undue delay requires that we focus on the movant's reasons for not amending sooner.") (citations omitted). Furthermore, although Center One notes that "prejudice may be found when the amendment is sought after discovery has closed," ECF No. 62 at 10 (citing *Berman*, 986 F.Supp. at 217), it fails to develop any argument that it would be prejudiced if the Court allows EEOC and Mr. Ford's proposed amendments here. *See Bjorgung*, 550 F3d at 266 ("Delay alone will not constitute grounds for denial") (citing *Cureton*, 252 F.3d at 273). And, without any counter-argument from Center One, the Court is persuaded that Center One will not suffer prejudice if EEOC and Mr. Ford are permitted to amend their complaints because (1) EEOC and Mr. Ford "do not intend to seek leave to conduct further discovery," ECF No. 65 at 1, and (2) Center One (as the alleged subsidiary of CMS) should already possess any relevant information regarding its relationship with CMS, *see* ECF No. 60 at 8.

Next, having reviewed EEOC and Mr. Ford's proposed amended complaints, *see* ECF Nos. 60-1, 60-2, 60-3, and 60-4, and considered Center One's arguments, the Court finds that amendment would not be futile. "In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Under that standard, "[l]eave to amend is properly denied if

4

amendment would be futile, i.e., if the proposed complaint could not 'withstand a renewed motion to dismiss.'" *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). Therefore, in assessing whether amendment would be futile, the Court must determine whether the proposed amended complaints' "factual allegations [are] enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and are "sufficient to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In conducting this analysis, the Court must accept the factual allegations of the proposed amended complaints as true and construe them in the light most favorable to EEOC and Mr. Ford. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d. Cir. 2008).

      Here, the crucial issue is whether EEOC and Mr. Ford can plausibly allege that "Center One and CMS constitute a single employer under Title VII based on the Third Circuit's precedent in *Nesbit v. Gears Unlimited, Inc.,* 347 F.3d 72, 85–86 (3d Cir. 2003)." ECF No. 62 at 7. In *Nesbit*, the Third Circuit articulated three tests for determining whether "a company and its affiliates" may be considered a "single employer" for Title VII purposes: (1) "when a company has split itself into entities with less than fifteen employees intending to evade Title VII's reach;" (2) "when a parent company has directed the subsidiary's discriminatory act of which the plaintiff is complaining;" or (3) when "the factors courts use to determine when substantively to consolidate two or more entities in the bankruptcy context" are satisfied. *Nesbit*, 347 F.3d at 85–86. According to EEOC and Mr. Ford, the proposed amended pleadings satisfy either test (2) or (3). *See* ECF No. 60 at 7–10; ECF No. 60 at 10 n.1; ECF No. 65 at 2–5. The Court agrees.

      First, the Court notes that Center One's assertion that amendment would be futile rests almost entirely on disputed facts, not the sufficiency of EEOC and Mr. Ford's allegations in the

proposed amended complaints. For example, EEOC and Mr. Ford claim that they can plausibly allege that CMS directed the discriminatory acts against Mr. Ford in part because CMS and Center One have a parent-subsidiary relationship, which they gleaned from testimony given by Mr. Ryan Lewis, Center One's corporate designee. *See* ECF No. 60 at 8. Center One disputes the relevance of Mr. Lewis' testimony on the issue, arguing that (1) his statements are both factually incorrect and not binding on Center One and (2) regardless, a parent-subsidiary relationship is a legal relationship that cannot be created merely by witness testimony. *See* ECF No. 62 at 5, 8. Thus, in effect, Center One asks the Court to look outside the proposed amended complaints to assess the sufficiency of the evidence. While these kinds of argument are relevant to a summary judgment analysis, at this juncture, theCourt is constrained to apply the standard of review applicable to a Rule 12(b)(6) motion.

Applying that framework, the Court finds that both proposed amended complaints allege that Center One is a wholly owned subsidiary of CMS; that corporate officers for CMS made the decision not to grant Mr. Ford's request for religious accommodation; and that CMS and Center One share relevant and important human resources policies, practices, and personnel. *See* ECF No. 65 at 4 (citing ECF Nos. 60-1 at ¶ 18 and 60-3 at ¶¶ 17, 45–49). Indeed, according to the proposed amendments, the companies have common ownership and Center One's human resources function was overseen and directed by CMS officers, including things like employee benefits packages. *See id.*; *see also Showers v. Endoscopy Ctr. of Cent. Pa., LLC,* 58 F. Supp. 3d 446, 456 (M.D. Pa. 2014) (noting that "[c]ommon ownership, management, and benefits tend to support substantive consolidation of related employers.") (citations omitted). These factual allegations, accepted as true and construed in the light most favorable to EEOC and Mr. Ford, are sufficient to satisfy either *Nesbit*'s "direction" or "substantive consolidation" tests at this stage.

*See Kelly v. Horizon Med. Corp.*, Civil Action No. 3:11-CV-15012012 U.S. Dist. LEXIS 1588, at *9–*12 (M.D. Pa. Jan. 6, 2012);  *see also Alvarez v. Advance Auto Parts, Inc.,* Civil Action No. 17-4203 (MAS) (TJB), 2018 U.S. Dist. LEXIS 147456 (D.N.J. Aug. 29, 2018).  Accordingly, the Court finds that amendment would not be futile.  Therefore, EEOC's and Mr. Ford's Motion will be granted.

### III. Conclusion

For the foregoing reasons, the Joint Motion for Leave to File Amended Complaints filed by Plaintiff U.S. Equal Employment Opportunity Commission and Intervenor Plaintiff Demetrius Ford, ECF No. 60, is hereby GRANTED.  Any amended complaints shall be filed on or before **June 3, 2021**.

DATED this 1st day of June, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record