## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**,

        Plaintiff,

  and

**DEMETRIUS FORD**,

        Intervenor Plaintiff,

  v.

**CENTER ONE, LLC, and CAPITAL MANAGEMENT SERVICES, LP**,

        Defendants.

Case No. 2:19-cv-01242-CCW

Hon. Christy Criswell Wiegand

## CONSENT DECREE

### THE LITIGATION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") instituted this action on September 27, 2019, against Defendant Center One, LLC ("Center One"), to enforce provisions of Title VII of the Civil Rights of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e to 2000e-17, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct alleged unlawful employment practices and to provide relief to Demetrius Ford, who was allegedly adversely affected by such practices. EEOC alleged that Center One violated Title VII by subjecting Demetrius Ford to denial of reasonable accommodation of religion and constructive discharge because of religion. On April 16, 2020, Demetrius Ford ("Intervenor Plaintiff Ford") (collectively with EEOC, "Plaintiffs") intervened in the litigation. On June 1 and 2, 2021, EEOC and Intervenor Plaintiff Ford filed an Amended Complaint and Amended Complaint in Intervention, respectively, against Center One and Defendant Capital Management Services, LP ("CMS") (collectively with Center

One, "Defendants"). Defendants filed their Answers to EEOC's and Intervenor Plaintiff Ford's Amended Complaint and Amended Complaint in Intervention, respectively, on June 15, 2021, and deny liability as to all counts of the Amended Complaint and Amended Complaint in Intervention.

In the interest of resolving this case without the time, expenditure, and risk of contested litigation, and as a result of having engaged in comprehensive settlement negotiations, Plaintiffs and Defendants (collectively, "the Parties") have agreed that this action should be fully and finally resolved by entry of this Consent Decree ("the Decree"). The Parties agree that this Decree fully and finally resolves the Title VII claims stated in EEOC's and Intervenor Plaintiff Ford's Amended Complaint and Amended Complaint in Intervention, respectively, and embodies the Parties' full and exclusive agreement with respect to the matters settled. This Decree shall not constitute or be construed as an admission by Defendants of any violation of Title VII. This Decree, once approved and entered by the Court, shall fully and finally resolve all claims alleged in EEOC's and Intervenor Plaintiff Ford's Amended Complaint and Amended Complaint in Intervention, respectively, filed in this case.

## STIPULATIONS

1.      The Parties stipulate to the following:

(a)      The United States District Court for the Western District of Pennsylvania has jurisdiction over the subject matter of this action and the Parties to this action for purposes of entering this Decree and, if necessary, enforcing this Decree;

(b)      Venue is proper in the United States District Court for the Western District of Pennsylvania for purposes of entering this Decree and any proceedings related to enforcement of this Decree; and

(c)      All conditions precedent to the institution of this action have been fulfilled.

<u>FINDINGS</u>

2.      Having carefully examined the terms of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

(a)      This Court has jurisdiction over the Parties and the subject matter of this action;

(b)      The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the Parties and the public interest are adequately protected by this Decree; and

(c)      This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the Parties and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

<u>DEFINITIONS</u>

3.      The term *complaint* shall mean any allegation or report made by any person, whether or not substantiated by evidence, whether or not made in conformity with Defendants' established procedures (so long as knowledge of the complaint may be imputed to Defendants), made by any means of communication, regarding potential discrimination, harassment, or retaliation committed by any employee, officer, director, or owner of Defendants.

4.      The term *days* shall mean calendar days unless business days are clearly specified in a specific provision of the Decree. If any deadline referenced in this Decree shall fall on a weekend or federal holiday, the deadline shall be moved to the next business day.

5.      The term *employee* shall be construed in accordance with controlling caselaw defining the meaning of the terms *employer* and *employee* under Title VII. The term *employee* shall specifically include all full-time, part-time, casual, seasonal, temporary, and permanent employees of Defendants.

6.     The term *Effective Date* shall refer to the date that the Court approves and enters the Decree as a final order.

<u>EFFECTIVE DATE, DURATION, AND GEOGRAPHIC SCOPE OF DECREE,<br>AND RETENTION OF JURISDICTION</u>

7.     This Decree shall become effective immediately upon the Effective Date and shall remain in effect until its expiration date, which shall be eighteen (18) months immediately following entry of the Decree, provided, however, that if at the end of the eighteen-month (18-month) period, any dispute under Paragraphs 33 to 34, below, remains unresolved, the duration of the Decree shall be automatically extended as to the specific provision of the Decree that is the subject of the dispute, Paragraph 9, and Paragraphs 33 to 36 only until the Parties resolve the dispute or the Court's final disposition of the dispute, whichever is earlier.

8.     The provisions of this Decree shall apply to (a) employees of Center One; and (b) human resources' decision-making and/or functions occurring at any of Defendants' locations that affect employees of Center One.

9.     For the duration of this Decree, this Court shall retain jurisdiction over this action to enforce the terms of the Decree and shall have all available remedies to enforce the Decree, including but not limited to monetary sanctions and injunctive relief.

<u>INJUNCTIONS</u>

10.     Defendants, their owners, officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with Defendants are enjoined from engaging in any employment practice that discriminates because of religion, including but not limited to (a) failing to reasonably accommodate an employee's sincerely held religious beliefs, observances, or practices—including newly adopted, inconsistently observed, uncommon, unaffiliated, or idiosyncratic religious beliefs, observances, or practices—that conflict with a job duty or requirement,

unless Defendants can prove that the accommodation would impose an undue hardship; (b) requiring, as a uniform policy or standard practice, that an employee must provide written or oral proof (e.g., a letter or other certification) from a religious official, organization, or association of persons of the sincerity of belief, observance, or practice and/or the need for a reasonable accommodation of religion as a necessary precondition to receiving such accommodation or Defendants' consideration thereof; and (c) requesting that an employee provide written or oral proof (e.g., a letter or other certification) from a religious official, organization, or association of persons of the sincerity of belief, observance, or practice and/or the need for a reasonable accommodation of religion when Defendants have made such request in bad faith or persist in requesting such proof when they know, or reasonably should know, that under the circumstances the employee is or will be unable to obtain written or oral proof from a religious official, organization, or association of persons of the sincerity of belief, observance, or practice and/or employee's need for accommodation, including but not limited to circumstances indicating that the employee is not affiliated with any religious official, organization, or association of persons at that time; the religious belief, observance, or practice at issue is idiosyncratic or otherwise not part of any official doctrine, belief, or practice of a religious official, organization, or association of persons; the religious official, organization, or association of persons declines to provide such proof; or other circumstances indicating that it is not feasible for the employee to obtain written or oral proof of the employee's need for accommodation.

11.     Defendants, their owners, officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with Defendants are enjoined from engaging in any form of retaliation against any person because such person has (a) opposed any practice made unlawful or reasonably believed to be unlawful under Title VII; (b) filed a charge of discrimination under Title VII; (c) testified, assisted, or participated in any manner in any

investigation, proceeding, or hearing under Title VII; (d) requested or received relief under this Decree; and/or (e) asserted any rights under this Decree.

MONETARY RELIEF

12.     Within ten (10) days of the Effective Date, Defendants shall pay monetary relief to Intervenor Plaintiff Ford in the total amount of sixty thousand dollars ($60,000), of which twenty thousand dollars ($20,000) shall constitute back pay and forty thousand dollars ($40,000) shall constitute compensatory damages. Payment to Intervenor Plaintiff Ford shall be completed using two checks: one check for the amount constituting back pay (less applicable federal, state, and local payroll tax withholdings) and a second check for the amount constituting compensatory damages.

13.     Defendants will mail the two checks for monetary relief payable to "Demetrius Ford" via certified U.S. mail (with a return receipt requested) or express overnight delivery to Intervenor Plaintiff Ford at an address to be provided by EEOC or Intervenor Plaintiff Ford's counsel. Within ten (10) days of the date of delivery of the two checks to Intervenor Plaintiff Ford, Defendants will transmit photocopies of both checks and proof of delivery to EEOC to the attention of Gregory A. Murray, Senior Trial Attorney, U.S. Equal Employment Opportunity Commission, Pittsburgh Area Office, William S. Moorhead Federal Building, 1000 Liberty Avenue, Suite 1112, Pittsburgh, Pennsylvania 15222, gregory.murray@eeoc.gov.

14.     At the time that such tax documents are issued to other persons, Defendants shall issue to Intervenor Plaintiff Ford an IRS Form W-2 for the monetary relief amount constituting back pay and an IRS Form 1099-MISC for the monetary relief amount constituting compensatory damages.

<u>POSTING OF TITLE VII NOTICE</u>

15.    Within ten (10) days of the Effective Date, Defendants shall post a digital copy, in PDF file format, of the notice attached hereto as Exhibit A (the "Notice") on the company intranet ordinarily used by them for communicating with employees of Center One. The Notice shall remain posted for eighteen (18) months from the Effective Date. Defendants shall take all reasonable steps to ensure that the Notice is displayed in a conspicuous location on the company intranet and is not removed therefrom for the duration of the Decree.

16.    Within fourteen (14) days of the Effective Date, Defendants shall provide a copy of the Notice attached hereto as Exhibit A to (a) employees of Center One; and (b) employees of Defendants with human resources' decision-making and/or functions occurring at any of Defendants' locations that affect employees of Center One. The Notice shall be mailed to each employee at his or her last known residence addresses on file with Defendants.

17.    Within fourteen (14) days of the Effective Date, Defendants shall certify to EEOC, in writing, that they have complied with the requirements of Paragraphs 15 and 16, above.

<u>EQUAL EMPLOYMENT OPPORTUNITY POLICIES AND PROCEDURES</u>

18.    Within fifteen (15) days of the Effective Date, Defendants shall create and adhere to an anti-discrimination policy and complaint procedure for employees to make complaints of religious harassment, religious discrimination, including denial of reasonable accommodation of religion, and retaliation (hereinafter, collectively referred to as "Policies"), which shall be submitted to EEOC for review before implementation by Defendants. The Policies shall comply with Title VII and include at least the following minimum content:

(a)    **Anti-Discrimination Policy:** This policy shall be modified to state that nondiscrimination because of religion includes providing reasonable accommodation of religion when such accommodation does not impose undue hardship on the business.

(b)    **Policy for Decision-Making Officials Concerning Reasonable Accommodation of Religion:** This policy shall contain the following:

(i)    a description of the duty to reasonably accommodate sincerely held religious beliefs, observances, and practices under Title VII, absent undue hardship;

(ii)    a description of the meaning of the phrase "sincerely held" religious beliefs, observances, or practices consistent with controlling law and 29 C.F.R. Part 1605, as follows—namely, statements to the effect that:

A.    a sincerely held religious belief covered by the Title VII religious accommodation requirement is any sincerely held moral or ethical belief about what is right or wrong that is held with the strength of traditional religious views;

B.    a sincerely held religious belief covered by the Title VII religious accommodation requirement may be related to the employee's belief in a supreme being or deity, or if the employee does not believe in a supreme being or deity, the belief is religious if it otherwise occupies a meaningful place in his or her own understanding of existence or ultimate questions;

C.    a sincerely held religious belief, observance, or practice need not conform to any particular religious orthodoxy, doctrine, or textual interpretation, nor need it flow from membership in any particular religion, to be the subject of the Title VII religious accommodation requirement;

D.    sincerely held religious beliefs, observances, and practices that do not conform to majority beliefs, accepted doctrine of particular religions, or views that might be formed by an objective observer are covered by the Title VII religious accommodation requirement; and

      E.      sincerely religious beliefs, observances, and practices that are unique to a particular individual are covered by the Title VII religious accommodation requirement;

(iii)     a reasonable, defined process for identifying potential reasonable accommodations of religion that is consistent with controlling law and 29 C.F.R. Part 1605;

(iv)     a statement that company officials responsible for responding to requests for reasonable accommodations of sincerely held religious beliefs, observances, and practices are required to engage in good-faith, reasonable, cooperative, and interactive communication with employees requesting reasonable accommodations of sincerely held religious beliefs, observances, and practices and to demonstrate flexibility in discussing potential solutions to resolve any conflict between a sincerely held religious belief, observance, or practice and some aspect of an individual's employment;

(v)     a statement that receiving documentation of a sincerely held religious belief, observance, or practice is not a necessary precondition to Defendants considering or granting an employee's request for a reasonable accommodation of religion, and that before requesting such documentation, a company official must evaluate all the circumstances, in consultation with the employee, and determine that such documentation is both reasonably necessary for evaluating the accommodation request and can be feasibly obtained by the employee. Defendants shall specifically instruct their personnel that they should use care and common sense in seeking documentation from an employee in response to a request for a reasonable accommodation of religion because:

      A.      an employee may not be affiliated with any religious organization or group capable of providing such documentation;

B.      an employee's religious beliefs, observances, and practices might be personal to him- or herself and may not be set forth in the official doctrine or teaching of an organized religion or religious organization or group; and

C.      religious leaders or groups may be hesitant to become involved in outside employment matters;

(vi)     a procedure requiring that Defendants' officials responsible for making decisions whether to grant requests for reasonable accommodations of religion must confer with Defendants' in-house counsel before denying, whether in whole or in part, any employee's request for reasonable accommodation of religion;

(vii)    a statement that employees will not be retaliated against for requesting reasonable accommodation of religion;

(viii)   a discussion of the kinds of retaliation prohibited under Title VII, along with examples that include a request for reasonable accommodation of religion;

(ix)     a statement that unlawful denial of reasonable accommodation of religion, retaliation, and other forms of religious discrimination will not be tolerated and that any employee (including managerial or supervisory employees) found to be in violation of the policy will be subject to disciplinary action, up to and including termination; and

(x)      a requirement that all managerial and supervisory employees have a duty under the policy to promptly report any religious discrimination, including denial of reasonable accommodation of religion, or retaliation in accordance with Defendants' complaint procedures concerning discrimination, harassment, or retaliation, and that failure to carry out this duty shall be grounds for disciplinary action, up to and including termination.

(c)    **Complaint Procedure:** Defendants' complaint procedure shall include the following:

(i)    an avenue or avenues for employees to make complaints of harassment, discrimination, or retaliation, including reporting such complaints to any managerial or supervisory employee, officer, or owner. The complaint procedure shall be designed to be reasonably accessible to all employees and shall not impose unreasonable burdens or requirements on employees seeking to complain or report;

(ii)    a statement that Defendants shall promptly investigate all complaints or reports of harassment, discrimination, or retaliation; shall keep complaints and reports confidential except to the extent disclosure of information is necessary to conduct any necessary investigation; and shall document, in writing, the results of any such investigations; and

(iii)    a statement that Defendants will not retaliate against any individual who makes a complaint or who provides information or assistance in any investigation of such complaint.

19.    Within fifteen (15) days of the Effective Date, Defendants shall send copies of the Policies referenced in Paragraph 18, above, to EEOC for review. Thereafter, EEOC shall be afforded a period of fourteen (14) days to conduct a pre-implementation review of the Policies and provide any comments concerning the Policies or their implementation that EEOC deems to be warranted. Upon request by EEOC, Defendants shall confer in good faith with EEOC concerning the Policies and any EEOC comments thereto.

20.    Subject to any motion filed by EEOC pursuant to Paragraph 33, below, within thirty (30) days of the Effective Date, Defendants shall implement the Policies. To implement the Policies, Defendants shall:

(a)    integrate the Policies referenced in Paragraph 18(a) and (c), above, in an employee manual or other policy manual;

(b)     distribute the Policies referenced in Paragraph 18(a) and (c), above, to each of their current owners with any decision-making authority with regard to Defendants' operations, officers, directors, and employees (including both managerial and non-managerial employees) at Center One;

(c)     distribute the Policies referenced in Paragraph 18(b), above, to each of their current owners, officers, directors, and employees with authority to grant, deny, or make recommendations concerning requests for reasonable accommodations of religion at Center One; and

(d)     obtain a signed acknowledgement that each owner, officer, director, and employee (including both managerial and non-managerial employees) at Center One or with authority to grant, deny, or make recommendations concerning requests for reasonable accommodations of religion at Center One has read and understood the Policies that he or she received, whether the Policies referenced in Paragraph 18(a) and (c), above; the Policies referenced in Paragraph 18(b), above; or both. The signed acknowledgements referenced in this Paragraph shall be retained for the duration of this Decree.

21.     Within ten (10) days of the date that Defendants implement the Policies set forth in Paragraph 18, above, Defendants shall send EEOC a copy of the final Policies implemented by Defendants and certify to EEOC, in writing, that such Policies have been implemented in the manner set forth above.

## TITLE VII TRAINING

22.     Within forty-five (45) days of the date that Defendants implement the Policies set forth in Paragraph 18, above, Defendants shall provide no fewer than two (2) hours of mandatory training regarding Title VII requirements concerning reasonable accommodation of religion and nondiscrimination because of religion, Defendants' Policies, and the interactive process for requesting and identifying reasonable accommodations of religion to any of Defendants' owners,

officers, directors, and employees with authority to grant, deny, or make recommendations concerning requests for reasonable accommodations of religion at Center One. The training session shall be conducted live (though attendance may be by remote means).[1] Subsequent training sessions may be conducted by presentation of a video recording of the first live training session, and attendance at subsequent training sessions may be by remote means. Defendants shall distribute to attendees of any training sessions the names and contact information of one or more persons knowledgeable about the training's content whom attendees may contact with questions. The training content shall accurately convey Title VII requirements, Defendants' Policies, and the interactive process for requesting and identifying reasonable accommodations of religion. At a minimum, the training shall include a discussion of the following topics:

(a)     the duty to reasonably accommodate sincerely held religious beliefs, observances, and practices under Title VII, absent undue hardship;

(b)     the types of sincerely held religious beliefs, observances, and practices subject to the Title VII religious accommodation requirement, including newly adopted, inconsistently observed, uncommon, unaffiliated, or idiosyncratic religious beliefs, observances, or practices;

(c)     the importance of concentrating the analysis of the Title VII religious accommodation requirement not on the sincerity of the religious belief, observance, or practice at issue unless

---

[1] Specifically, the Parties agree that owners Karen Kraska and Paul Hunziker shall not be required to participate in the aforementioned training, as Defendants represent that Kraska and Hunziker are not actively or passively involved in any decision-making concerning personnel, including granting, denying, or making recommendations concerning requests for reasonable accommodations of religion. Additionally, Defendants represent that Kraska and Hunziker are not involved in any of the day-to-day operations of the business and are considered inactive owners. But if at any time during the duration of the Decree, Kraska or Hunziker becomes involved in any way in any decision-making concerning personnel, including granting, denying, or making recommendations concerning requests for reasonable accommodations of religion, or becomes involved in any of the day-to-day operations of the business, Kraska or Hunziker (as appropriate) will be required to complete the aforementioned training.

Defendants have a reasonable basis to doubt its sincerity, but rather on whether a reasonable accommodation is possible without imposing undue hardship on Defendants and their business;

(d)    the policy that written or oral proof from a religious official, organization, or association of persons of the need for a reasonable accommodation is not to be a precondition to considering or granting an employee's request for a reasonable accommodation of religion, as an official policy or standard practice;

(e)    the requirement that before requesting that an employee provide written or oral proof from a religious official, organization, or association of persons of the sincerity of belief, observance, or practice and/or the need for reasonable accommodation, a company official must evaluate all the circumstances, in consultation with the employee, and determine that such documentation is both reasonably necessary for evaluating the accommodation request and can be feasibly obtained by the employee, including a specific discussion that Defendants' personnel should use care and common sense in seeking documentation from an employee in response to a request for a reasonable accommodation of religion because (i) an employee may not be affiliated with any religious organization or group capable of providing such documentation; (ii) an employee's religious beliefs, observances, and practices might be personal to him- or herself and may not be set forth in the official doctrine or teaching of an organized religion or religious organization or group; and (iii) religious leaders or groups may be hesitant to become involved in outside employment matters;

(f)    the need to ensure that Defendants consider any requests for reasonable accommodations of religion promptly;

(g)    the need to document Defendants' responses to requests for reasonable accommodations of religion, including documenting all reasonable accommodations considered and the reasons for denying them (if applicable); and

(h)    Defendants' record-retention obligations under this Decree relating to any requests for reasonable accommodations of religion.

23.    Defendants shall select one or more qualified third parties to conduct the training described in Paragraph 22, above. At least fourteen (14) days before the date that Defendants intend to conduct the training described in Paragraph 22, above, Defendants shall submit to EEOC for review (a) the name(s) and curriculum vitae of the instructors that Defendants have selected for the training; (b) a copy of the proposed training curriculum; and (c) a list of all persons (by name and job title) who will be required to attend the training.

24.    After Defendants transmit to EEOC the information set forth in Paragraph 23, above, EEOC shall be afforded a period of fourteen (14) days to conduct a pre-implementation review of the proposed instructors and training curriculum and provide any comments concerning the training that EEOC deems to be warranted. Upon request by EEOC, Defendants shall confer in good faith with EEOC concerning the training and any EEOC comments.

25.    Subject to any motion filed by EEOC pursuant to Paragraph 33, below, within forty-five (45) days of the date that Defendants implement the Policies set forth in Paragraph 18, above, Defendants shall conduct the training set forth in Paragraph 22, above. Defendants shall maintain attendance logs for all persons who attend the training and retain such attendance logs for the duration of this Decree.

26.    Within ten (10) days of the date that Defendants conduct the training described in Paragraph 22, above, Defendants shall send EEOC a copy of the final training curriculum for the training, a list of all persons (by name and job title) who attended the training, and a list of persons to whom Defendants are required by this Decree to present the training but who did not receive it.

27.    For the duration of this Decree, Defendants shall also provide the training described in Paragraph 22, above, to any new owners, officers, directors, and employees of Defendants with

authority to grant, deny, or make recommendations concerning requests for reasonable accommodations of religion at Center One after the initial training date. This training shall be held within twenty (20) days of the date that such individual(s) start in their new positions or duties.

<u>REPORTING PROVISIONS</u>

28.    For the duration of this Decree, Defendants shall furnish reports to EEOC semiannually following the Effective Date concerning all requests for reasonable accommodation of religion, if any, that Defendants have received from any applicant or employee at any time in the six (6) months preceding the report. Each such report shall contain the following:

(a)    the full name, last known residence address, last known residence telephone and cell phone numbers, and last known email address of each applicant or employee;

(b)    the prospective job title or job title of each applicant or employee, respectively;

(c)    the date of application or date of hire of each applicant or employee, respectively; and

(d)    the date of separation of each employee (if applicable);

(e)    the date on which the applicant or employee requested a reasonable accommodation of religion;

(f)    a detailed description of the reasonable accommodation of religion requested;

(g)    a detailed description of the reasonable accommodation of religion granted (if applicable);

(h)    all reasons why Defendants denied the reasonable accommodation of religion requested (if applicable); and

(i)    the contemporaneous job title of each person who made the decision or was consulted about the decision to grant or deny the reasonable accommodation of religion.

29.     The first report set forth in Paragraph 28, above, shall be due six (6) months from the Effective Date, with the final report due one (1) month prior to the expiration of this Decree.

<u>RECORD RETENTION</u>

30.     For the duration of this Decree, Defendants shall retain all documents related to (a) the Policies set forth in Paragraph 18, above, including any changes to the Policies or their implementation; (b) the training curricula, attendance logs, and acknowledgments set forth in Paragraphs 20, 23, and 25 to 26, above; (c) any requests for reasonable accommodation of religion; (d) any complaints of religious discrimination, including denial of reasonable accommodation of religion, religious harassment, and/or retaliation that Defendants receive from their employees; and (e) any investigations and corrective action that Defendants undertake in response to such complaints. Such documents shall include, but are not limited to, any and all written correspondence, notes, emails, photographs, video recordings, text messages, policies, PowerPoint presentations, training materials, memoranda, written statements, charges of discrimination, internal complaint documents, lawsuits, witness statements, internal reports, investigation findings, and disciplinary actions.

31.     Defendants' obligation to maintain records, as set forth in this section, is not intended to nor does it limit or replace Defendants' obligation to retain records as set forth in federal law or EEOC regulations, such as 29 C.F.R. § 1602.14. Defendants shall comply with 29 C.F.R. § 1602.14.

32.     Defendants shall make all documents referenced in Paragraph 30, above, available for inspection and copying within fourteen (14) days of receiving a written request from EEOC for such documents, provided, however, that Defendants retain the right to withhold all attorney-client privileged communications and attorney work product regarding the above-referenced subjects as

defined by controlling law. In the event that Defendants withhold documents as privileged pursuant to this Paragraph, Defendants must state that fact affirmatively in their response to EEOC.

<u>DISPUTE RESOLUTION AND COMPLIANCE REVIEW</u>

33.    Upon motion of EEOC regarding any provision of this Decree, or upon motion of Intervenor Plaintiff Ford regarding Paragraphs 10 to 14 (to the extent that Intervenor Plaintiff Ford possesses Article III standing regarding any alleged noncompliance), the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. Prior to such motion, EEOC or Intervenor Plaintiff Ford shall notify Defendants, in writing, of the alleged noncompliance. Upon receipt of written notice, Defendants shall have fourteen (14) days either to correct the alleged noncompliance and so inform EEOC or Intervenor Plaintiff Ford, or deny the alleged noncompliance, in writing. If the Parties cannot in good faith resolve their dispute, EEOC or Intervenor Plaintiff Ford may file with the Court a motion to correct and remedy the breach. Each party shall bear its own costs, expenses, and attorneys' fees incurred in connection with such motion.

34.    In the event that a dispute under Paragraph 33, above, remains unresolved after the eighteen-month (18-month) period set forth in Paragraph 7, above, EEOC or Intervenor Plaintiff Ford may file a motion to correct or remedy the alleged breach within fourteen (14) days of its receipt of Defendants' notice of their correction or denial of noncompliance. If EEOC or Intervenor Plaintiff Ford does not file such a motion within the aforementioned fourteen-day (14-day) period, the Decree shall no longer automatically extend pursuant to Paragraph 7, above, and shall instead expire.

35.    Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Western District of Pennsylvania.

36.    For the duration of the Decree, upon reasonable suspicion that Defendants may have violated their religious accommodation obligations under Title VII or any of the terms of this

Decree, EEOC, its agents, and its employees shall have the legal authority to require appearance and testimony of Defendants' personnel, at reasonable times and locations and with a minimum of fourteen (14) days' written notice, at interviews or depositions and the production of documents to ensure compliance with Defendants' religious accommodation obligations under Title VII and any of the terms of this Decree. Any dispute regarding this Paragraph shall be subject to the good-faith conferral procedures set forth in Paragraph 33, above. Neither EEOC's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other EEOC authority to conduct investigations of Defendants that is provided by law, including but not limited to investigating charges of discrimination filed under Title VII of the Civil Rights Act of 1964, as amended; the Equal Pay Act of 1963, as amended ("EPA"); the Age Discrimination in Employment Act of 1967, as amended ("ADEA"); Titles I or V of the Americans with Disabilities Act of 1990, as amended; the Genetic Information Nondiscrimination Act of 2008; the Pregnant Workers Fairness Act; and any statute over which EEOC is given jurisdiction in the future, and conducting directed investigations authorized under the EPA, the ADEA, and any future statute which authorizes directed investigations.

THE COMMISSION'S REPORTING REQUIREMENTS<br>UNDER IRC SECTIONS 162(f) AND 6050X

37.    Defendants acknowledge and agree to the following:

(a)    The Commission may be required to report the fact of this settlement to the IRS under Sections 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes. If the Commission is required by law to do so, Defendants will be provided with a copy of the Form 1098-F provided to the Internal Revenue Service ("IRS"). Center One's EIN is: 20-3488477. The individual at Center One to whom the Commission should mail a copy of the Form 1098-F, if the Commission is required to issue

one is: Cory Magnuson, 694 South Ogden Street, Buffalo, NY 14206. CMS's EIN is: 33-1095529. The individual at CMS to whom the Commission should mail a copy of the Form 1098-F, if the Commission is required to issue one is: Cory Magnuson, 698 ½ South Ogden Street, Buffalo, NY 14206;

(b)    The Commission has not made any representations regarding whether the amount paid pursuant to this Decree qualifies for the deduction under the Internal Revenue Code;

(c)    The Commission's provision to Defendants of Form 1098-F does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met;

(d)    Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the Commission; and

(e)    Defendants are not acting in reliance on any representations made by the Commission regarding whether the amount paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code.

<u>MISCELLANEOUS PROVISIONS</u>

38.    Each Party shall bear its own costs, expenses, and attorneys' fees in this action, including the costs of compliance and monitoring.

39.    This Decree constitutes the entire agreement and commitments of the Parties on the matters raised herein, and no other statement, promise, or agreement, either written or oral, made by any Party or an agent of any Party not contained in this Decree shall be enforceable.

40.    The terms of this Decree shall be binding upon Defendants and all their present and future owners, directors, officers, managers, agents, representatives, successors, and assigns.

41.    Defendants, and any successor of Defendants, shall provide a copy of this Decree to any organization or person who proposes to acquire Defendants or their assets or merge with Defendants, or any successor of Defendants, prior to the effectiveness of any such acquisition or

merger. This Paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

42.     If any provision of this Decree is found to be unlawful, only the specific provision in question shall be affected and all other provisions of this Decree shall remain in full force and effect.

43.     When this Decree requires Defendants to submit reports, notices, or other materials to EEOC, Defendants shall deliver them by electronic means or hard copy to:

Gregory A. Murray
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Email: gregory.murray@eeoc.gov

44.     In the event that the Parties propose to make any modification to this Decree by their mutual consent, they shall submit such proposed modification to the Court by joint motion, and such modification shall not be effective unless approved by order of the Court. No waiver, modification, or amendment of any provision of this Decree shall be effective unless in writing, signed by the Parties to this Decree, and approved by the Court.

45.     This Decree may be executed in counterparts.

[The remainder of this page was intentionally left blank.]

**AGREED BY:**

**For Plaintiff U.S. Equal Employment Opportunity Commission:**

KARLA GILBRIDE
GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

*Debra M. Lawrence*
by RLP per authorization

DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated: 10/18/2024

RONALD L. PHILLIPS
ASSISTANT REGIONAL ATTORNEY

Dated: 10/18/2024

GREGORY A. MURRAY
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 316144
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Phone: 412-588-6907
Fax: 412-395-5749
Email: gregory.murray@eeoc.gov

Dated: 10 / 18 / 2024

**For Intervenor Plaintiff Demetrius Ford:**

DEMETRIUS FORD

Dated: 10/17/2024

**For Defendant Center One, LLC:**

EMILY E. MAHLER
Pa. I.D. No. 310058
Margolis Edelstein
535 Smithfield St., Ste. 1100
Pittsburgh, PA 15222
Phone: 412-355-4923
Fax: 412-642-2380
emahler@margolisedelstein.com

*Counsel for Defendant Center One, LLC*

Dated: _____

CORY MAGNUSON
GENERAL COUNSEL

*Authorized Representative of Center One, LLC*

Dated: _____

**AGREED BY:**

**For Plaintiff U.S. Equal Employment Opportunity Commission:**

KARLA GILBRIDE
GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

_____
DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated: _____

_____
RONALD L. PHILLIPS
ASSISTANT REGIONAL ATTORNEY

Dated: _____

_____
GREGORY A. MURRAY
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 316144
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Phone: 412-588-6907
Fax: 412-395-5749
Email: gregory.murray@eeoc.gov

Dated: _____

**For Intervenor Plaintiff Demetrius Ford:**

_____
DEMETRIUS FORD

Dated: _____

**For Defendant Center One, LLC:**

_____
EMILY E. MAHLER
Pa. I.D. No. 310058
Margolis Edelstein
535 Smithfield St., Ste. 1100
Pittsburgh, PA 15222
Phone: 412-355-4923
Fax: 412-642-2380
emahler@margolisedelstein.com

_Counsel for Defendant Center One, LLC_

Dated: _____

_____
CORY MAGNUSON
GENERAL COUNSEL

_Authorized Representative of Center One, LLC_

Dated: _10/15/24_____

22

For Defendant Capital Management Services, LP:

EMILY E. MAHLER
Pa. I.D. No. 310058
Margolis Edelstein
535 Smithfield St., Ste. 1100
Pittsburgh, PA 15222
Phone: 412-355-4923
Fax: 412-642-2380
emahler@margolisedelstein.com

*Counsel for Defendant Capital Management Services, LP*

Dated: _____

CORY MAGNUSON
GENERAL COUNSEL

*Authorized Representative of Capital Management Services, LP*

Dated: 10/15/24

IT IS SO ORDERED:

October 24, 2024
DATE

/s/ Christy Criswell Wiegand

HON. CHRISTY CRISWELL WIEGAND
United States District Judge

23

# Exhibit A:

# Notice

**Notice to All Employees of Center One, LLC, and Capital Management Services, LP**

This Notice is being posted pursuant to a federal-court order entered in *U.S. EEOC v. Center One, LLC*, Civil Action No. 2:19-cv-01242-CCW (W.D. Pa.), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("the EEOC"), an agency of the United States Government, against Center One, LLC, and Capital Management Services, LP ("the Companies").

In its lawsuit, the EEOC charged that the Companies discriminated against an employee in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") by subjecting him to denial of a reasonable accommodation of religion and constructive discharge because of religion. The Companies deny liability.

To resolve the case, the EEOC and the Companies have entered into a Consent Decree which provides, among other things, that:

1)     The Companies are prohibited by federal-court order and federal law from discriminating against employees because of religion, including but not limited to subjecting any employee to denial of a reasonable accommodation of religion, absent undue hardship on the business;

2)     The Companies are enjoined from retaliating against any person because he or she has opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any investigation or proceeding under Title VII, or asserted any rights under the Consent Decree; and

3)     The Companies will provide mandatory training to their owners, officers, directors, and employees with authority to grant, deny, or make recommendations concerning requests for reasonable accommodation of religion at Defendants' Beaver Falls location on the duty to reasonably accommodate sincerely held religious beliefs, observances, and practices; religious harassment; religious discrimination; and retaliation, as well as the Companies' policies regarding the same.

The EEOC enforces the federal laws against employment discrimination on the bases of disability, race, color, sex (including pregnancy and related conditions, sexual orientation, and gender identity), religion, national origin, age, or genetic identity. If you believe that you have been harassed or discriminated against, or retaliated against for opposing or reporting discrimination, you have a right under federal law to contact the EEOC and report that harassment, discrimination or retaliation. EEOC can be reached at 800-669-4000, TTY for the hearing impaired at 800-669-6820, or via email at info@eeoc.gov. The EEOC is a federal law-enforcement agency and charges no fees to receive and investigate complaints.

**This OFFICIAL NOTICE must remain posted for eighteen (18) months from the date below and must not be altered, defaced, or covered by any other material.**

_____          _____
Date                                                              Cory Magnuson, General Counsel